# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# LITTLE ROCK DIVISION

DERRICK DEWAYNE JOHNSON                                                                          PLAINTIFF
ADC #106719

V.                                         NO: 4:09CV00959 JLH/HDY

RICHARD JACKSON                                                                                 DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.
2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the

1

>     hearing before the District Judge in the form of an offer of
>     proof, and a copy, or the original, of any documentary or
>     other non-testimonial evidence desired to be introduced at
>     the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>     Clerk, United States District Court
>     Eastern District of Arkansas
>     600 West Capitol Avenue, Suite A149
>     Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, Derrick Dewayne Johnson, currently incarcerated at the Arkansas Department of Correction's East Arkansas Regional Unit, filed a complaint on December 28, 2009, alleging that he was the victim of excessive force used by Defendant Richard Jackson, when he was held at the Pulaski County Jail. Plaintiff appeared and testified, as did Defendant. Following the presentation of testimony and exhibits by the parties, the preponderance of the evidence causes the Court to enter the following findings and recommendations.

### I.  Facts

Plaintiff was detained in the Pulaski County Jail on May 14, 2009, on new charges, and had his parole revoked in June of that year. In August of 2009, Plaintiff was sentenced on the new charges, and was awaiting transfer to the Arkansas Department of Correction at the time of the events giving rise to this complaint.

On September 4, 2009, at approximately 2 p.m., Plaintiff was told by jail officials that he would be required to move from the bottom to the top bunk of his cell. Plaintiff told them that he

did not want to move, and there was no further interaction at that time between the jail staff and Plaintiff. There was a shift change at 3 p.m., and Defendant, who was beginning his shift, was told by the outgoing shift personnel that Plaintiff was told to move to the top bunk, as a new inmate with a medical restriction was scheduled to be placed in the cell, and required a bottom bunk. Shortly thereafter, Jackson told Plaintiff he would be required to move to the top bunk. Plaintiff refused, and Jackson subsequently issued three direct orders for Plaintiff to move. Plaintiff still refused, saying that he would rather go to segregation than move to the top bunk. Jackson understood Plaintiff's statement about refusing to move bunks and his willingness to accept punishment for that refusal to include an expression by Plaintiff that Jackson would have to come into his cell and physically remove him to the segregation area. At that point, Jackson sprayed Plaintiff with a one-second burst of pepper spray, Plaintiff complied with an order to lay on the ground, and he was placed into restraints and taken to segregation without further incident. After he was removed from his cell, Plaintiff refused an opportunity to take a shower to wash the spray off, contending that the hot water in the shower would only intensify the spray's effects. A medical evaluation after the incident revealed no injuries (Defendant's exhibit #1).[1]

## II. Analysis

To establish a claim for the excessive use of force, Plaintiff must demonstrate that the force was used maliciously and sadistically to cause harm, rather than in a good faith effort to maintain or restore discipline. *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). Relevant factors include the need for force, the relationship between the need and the amount of force used, and the extent of injury inflicted. *See Whitley v. Albers*, 475 U.S. 312, 321 (1986). In discussing excessive force

---

[1] According to Defendant, Plaintiff blocked most of the spray with a bed sheet.

claims, the United States Court of Appeals for the Eighth Circuit has recognized that a prisoner must satisfy both an objective and subjective component to prove an Eighth Amendment violation. *Irving v. Dormire*, 519 F.3d 44, 446 (8th Cir. 2008). Thus, "[a]n Eighth Amendment excessive use of force claim has subjective and objective components." *Moore v. Siebels*, 1999 WL 33655742 at *2 *4 (N.D. Iowa, June 22, 1999) (unpublished opinion).

There is no dispute that Jackson issued several direct orders for Plaintiff to move to the top bunk, and that Plaintiff refused. There is also no dispute that Jackson had a legitimate reason to order Plaintiff off the bottom bunk, because it was needed for someone who was medically restricted. Plaintiff argues that, had a superior officer been called, and had he been ordered to submit to restraints to go to segregation, he would have done so, and there would have been no need for spraying him. This is a convenient argument to make in retrospect, but does not comport with the facts facing Jackson at the time of the spraying. Jackson testified that it was his belief that ordering Plaintiff to submit to restraints would have been pointless, because he understood Plaintiff to say that Jackson would have to come "take" him to segregation, implying that Jackson would need to enter the cell to physically remove him from the bottom bunk. The determination of Jackson's subjective intent would be a much easier matter if he had simply given Plaintiff a direct order to "catch the cuffs" in anticipation of being moved to a segregation cell before he administered the pepper spray. Although the question is close because he didn't take that step, the undersigned concludes that Plaintiff failed to prove that Jackson acted with any malice in using the pepper spray. Plaintiff contends he would have obeyed an order to go to segregation, but he had previously disobeyed three orders to move, in addition to two earlier requests, and Jackson's belief that a different order would have been futile is reasonable. No evidence was introduced to suggest that Jackson used the pepper

spray for any reason other than to enforce a bunk assignment, even if in retrospect a fourth order may have accomplished the goal with no force. Without more, the fact that arguably superior alternatives existed is insufficient to establish an Eighth Amendment violation. *Whitley* at 1085. Moreover, the force used was a measured response, and medical documentation demonstrates no injury as a result of the force. In light of the factors set forth in *Whitley*, the undersigned concludes that Plaintiff failed to establish a constitutional violation for the use of excessive force.

At the hearing, Plaintiff attempted to equate his situation to that in *Hickey v. Reeder*, 12 F.3d 754 (8th Cir. 1993). In *Hickey*, an inmate at the Pulaski County Jail was shot with a stun gun when he refused orders to clean his cell. The Court concluded that the stun gun inflicted a "painful and frightening blow," which temporarily paralyzed the large muscles of the body, rendering the victim "helpless." The Court also found that the stun gun was used to cause the plaintiff pain and make him sweep his cell, and to make an example of him, rather than to avoid violence. In *Hickey,* the gun was used despite the presence of several other officers, the plaintiff was not restrained thereafter, and the plaintiff did not need to leave the cell at the time. Here, Defendant was the only other officer in the area, and he was required to force Plaintiff to leave the bottom bunk. Defendant used the force and thereafter restrained and removed Plaintiff. In light of the determination here that Defendant used the force in good faith, and the lack of any injury, Plaintiff's reliance on *Hickey* is misplaced. Plaintiff also cited *Johnson v. Glick*, 481 F.3d 1028 (2nd Cir. 1973), presumably for the proposition that force may be used only in a good faith effort to maintain or restore discipline, rather than maliciously and sadistically for the purpose of causing harm. As discussed earlier, the evidence indicates the force was used in good faith.

To the extent that Plaintiff may be attempting to press a claim based on Defendant's alleged

5

failure to follow policy requiring him to call a supervisor for assistance, the Court notes that the mere failure to follow detention center policy is not itself a constitutional violation. *See Gardner v. Howard*, 109 F. 3d 427, 430 (8th Cir. 1997)(no § 1983 liability for violation of prison policy). Accordingly, Plaintiff's complaint should be dismissed.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be DISMISSED WITH PREJUDICE.

2. All pending motions be DENIED.

DATED this   15   day of September, 2010.

_____
UNITED STATES MAGISTRATE JUDGE